UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARCY Z.,[1] | ) |
|     Plaintiff, | ) No. 23-cv-1419 |
|     v. | ) Magistrate Judge Keri L. Holleb Hotaling |
| MARTIN J. O'MALLEY, Commissioner of the Social Security Administration,[2] | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Darcy Z. appeals the decision of the Commissioner denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have filed cross motions for summary judgment.[3] As detailed below, Plaintiff's motion for summary judgment [Dkt. 12] is DENIED and Defendant's motion for summary judgment [Dkt. 17] is GRANTED. The final decision of the Commissioner denying benefits is affirmed.

**1. SOCIAL SECURITY REGULATIONS AND STANDARD OF REVIEW**

According to the Social Security Act (the "Act"), a person is disabled if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1). To determine whether an individual is disabled, an Administrative Law Judge ("ALJ") must apply a sequential five-step test. *See* 20 C.F.R. § 404.1520(a). The ALJ must evaluate:

    (1) the claimant is presently employed; (2) the claimant has a severe impairment or

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] On December 23, 2023, Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration; pursuant to Federal Rule of Civil Procedure 25(d)(1), he is substituted as the proper defendant for this action.

[3] The Court construes "Plaintiff's Memorandum in Support of Reversing or Remanding Commissioner's Decision" [Dkt. 12] and "Defendant's Memorandum in Support of its Motion for Summary Judgment" [Dkt. 17] as separate motions for summary judgment.

combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Langley v. O'Malley*, 2024 WL 3649021, at \*2 (7th Cir. Aug. 5, 2024) (citation omitted). The burden of proof is on the claimant for the first four steps. *Id*. at \*3. At step five, the burden shifts to the agency to show that "there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations." *Ruenger v. Kijakazi*, 23 F.4th 760, 761 (7th Cir. 2022) (citing 20 C.F.R. § 416.960(c)(2)). The Act requires all applicants to prove they are disabled as of their date last insured to be eligible for benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017).

In these cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). If there is substantial evidence in support of the determination, the Court must affirm even if "reasonable minds could differ." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2018) (citation and quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). This "lax" standard is satisfied when the ALJ "minimally articulate[s] his or her justification for rejecting or accepting specific evidence of a disability." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (citation and quotation marks omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion. *Hess*, 92 F.4th at 676. Yet an ALJ "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for

every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All [that is] require[d] is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow [the] reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id.* at 1054 (internal signals and citations omitted). Additionally, "[w]hen reviewing a disability decision for substantial evidence, [the Court] will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052-53. Finally, as to this Court's obligations, "[a] district (or magistrate) judge need only supply the parties…with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

## 2. BACKGROUND

### 2.1 Procedural History

In March of 2021, Plaintiff filed separate applications for both DIB and SSI, each alleging disability beginning December 20, 2019.[4] [Administrative Record ("R.") 13.] Plaintiff's applications were denied initially and upon reconsideration. [*Id.*] Plaintiff appealed the denials and appeared before an ALJ via video at a March 10, 2022 Administrative Hearing. [*Id.*] On May 25, 2022, the ALJ issued a decision denying Plaintiff disability benefits. [R. 13-24.] Plaintiff then requested and was denied Appeals Council review [R. 1-3], rendering the Decision of the Appeals Council the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981; *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff subsequently brought this action challenging the ALJ's decision. [Dkt. 1.]

---

[4] The Administrative Record in this case contains a notation that Plaintiff, at some point prior to March 2021 "applied for Social security benefits and was denied 3 times." [R. 666.] The Court has no further information about these prior applications or denials and they are not at issue presently.

### 2.2 The ALJ's Decision

The ALJ's May 25, 2022 decision followed the familiar five-step sequential process for determining disability. [R. 13-24.] At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. [R. 15-16.] At Step 2, the ALJ found Plaintiff had the severe impairments of right knee degenerative joint disease; history of cervical surgery; lumbar osteoarthritis; cervical and lumbar radioculopathy; and obesity. [R. 16.] The ALJ determined the following impairments to be non-severe: diabetes mellitus; hypertension; hyperlipidemia; thyroid disorder; COVID-19; reactive airway disease; sinusitis; nipple lesion; irritable bowel syndrome; and shaking hands and head. [*Id.*] The ALJ also found Plaintiff's "medically determinable mental impairments" to be nonsevere, noting in part that while Plaintiff "had no evidence of a mental disorder described in Section 12.00…[she] did have a diagnosis of major depressive disorder…but this was based on self-testing and treatment was noted for only a few months." [R. 16-17.] At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 18-19.] Before Step 4, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[5] to perform sedentary work with the following limitations: "never climb ladders, ropes, or scaffolds and no more than occasionally climb ramps and stairs, balance, stoop, crouch, kneel and crawl; she can use the right lower extremity no more than occasionally to push and pull; she can use the upper extremities no more than occasionally to push and pull; she can reach overhead bilaterally no more than frequently; she should be provided a sit-stand option allowing [her] to stand 1-2 minutes after sitting thirty minutes she should be allowed to use a cane as needed to get to and from the workstation." [R. 19.] At Step 4, the ALJ found Plaintiff able to perform her past relevant work as a

---

[5] RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

travel consultant, which obviated the need for the ALJ to make a Step 5 finding. [R. 23.] Accordingly, the ALJ found Plaintiff not disabled under the Act at any time from her alleged onset date through the date of the ALJ's decision. [R. 24.]

**3.    DISCUSSION**

Plaintiff contends the ALJ's May 25, 2022 decision requires remand because the ALJ allegedly (1) erred at Step Two of her analysis, when she found Plaintiff's major depressive disorder to be non-severe; (2) improperly assessed the opinions of Plaintiff's treating mental health professionals; and (3) erred formulating the RFC. [Dkt. 12.] The Court disagrees, for the reasons articulated below.

**3.1    The ALJ's Step Two Analysis was Proper**

At Step Two of the five-step sequential-evaluation process by which ALJs evaluate disability claims, it is the claimant's burden to prove her impairments are severe. *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); 20 C.F.R. §§ 404.1512, 404.1520(a)(4)(ii), 404.1521. An impairment is severe if, for twelve months, it significantly limits one's ability to perform basic work-related activities like walking and understanding simple instructions. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1522; Social Security Ruling ("SSR") 85-28. On the other hand, an impairment is nonsevere if the "medical evidence establishe[s] only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." SSR 85-28; *see also Lafayette v. Berryhill*, 743 F. App'x 697, 699 (7th Cir. 2018) (impairments were nonsevere because they "caused only 'minimal' limitations, both singly and together"). A plaintiff who challenges an ALJ's Step Two finding(s) must do more than offer conclusory assertions; she must provide record citations and explain how they prove her alleged limitations. *Wolms v. Barnhart*, 71 F. App'x 579, 581 (7th Cir. 2003). Here, because Plaintiff challenges the ALJ's finding that her major depressive disorder was non-severe, she must point to records demonstrating severe limitations,

stemming from her depressive disorder, that have lasted (or can be expected to last) at least twelve months.

In the May 25, 2022 decision, the ALJ acknowledged Plaintiff's major depressive disorder diagnosis (a diagnosis based on self-testing)[6] but noted that Plaintiff received mental-health treatment for less than a year during the relevant period. [R. 16-17 (*see also* R. 763-64, 795).] The ALJ detailed Plaintiff's mental-status examinations and detailed how although the examinations showed some abnormalities, Plaintiff repeatedly exhibited normal thought processes, memory, fund-of-knowledge, cognitive function, behavior, impulse control, insight, and judgment. [R. 17.] The ALJ went on to note: "[i]n fact, outside of her self-testing for depressive mood/disorder, [Plaintiff's] providers noted no ongoing abnormal functioning, beyond some short-term concerns with a constricted affect and some limited insight and judgment when she complained of suicidal thoughts."[7] [*Id.*] The ALJ also commented that both Plaintiff and her sister reported Plaintiff handled stress well. [*Id.*] Plaintiff could also perform normal everyday activities like self-grooming, driving, and completing household chores. [*Id.*]

The opinions of reviewing state agency psychologists Stephen Drake, Ph.D., and Joseph Mehr, Ph.D., augmented this evidence. As is required under the new regulation for evaluating medical opinions, an ALJ may consider several factors, but must consider two: supportability (how well the source explained and supported an opinion); and consistency (how consistent the opinion is with other record evidence). 20 C.F.R. § 404.1520c(b)(2), (c)(1)-(2). An ALJ need only "minimally articulate" their analysis of these factors, providing the reviewing court just enough information to follow the

---

[6] A diagnosis itself cannot prove functional limitations. *Richards v. Berryhill*, 743 F. App'x 26, 30 (7th Cir. 2018).

[7] Plaintiff faults the ALJ for not taking Plaintiff's reports of suicidal ideation "seriously" [R. 12 at 9], but the Court finds the ALJ adequately noted the concerns of Plaintiff's counselor, Vanessa Rangel, Licensed Clinical Professional Counselor ("LCPC"), who scheduled Plaintiff for "weekly follow up…to discuss safety plan and suicide (sic) thinking monitoring." [R. 716.] In short order, LCPC Rangel reduced these check-in sessions to bi-weekly [R. 724], then to every "two/three weeks" [R. 732]. The Court cannot say the ALJ ignored (or even minimized) LCPC Rangel's concerns about Plaintiff's suicidal ideations.

6

material reasoning underpinning their decision. *Berger*, 516 F.3d at 545; *Warnell*, 97 F.4th at 1054; *Morales*, 103 F.4th at 471. Drs. Drake and Mehr both concluded that Plaintiff's depression was nonsevere and that she had no mental limitations.[8] [R. 21 (citing R. 107-08, 151-52).] The ALJ found these conclusions supported by and consistent with the evidence discussed above, particularly Plaintiff's numerous normal results on examination. [R. 21.] Thus, the opinions of the reviewing psychologists that Plaintiff had no mental limitations support the ALJ's Step Two finding that Plaintiff's depression was nonsevere. *See Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020) (ALJ entitled to rely on reviewing-expert opinions that are consistent with the evidence).

The ALJ also contrasted Plaintiff's subjective allegations with contradictory evidence, highlighting the inconsistencies therein. [R. 17; *see* 20 C.F.R. §404.1529(a) (ALJ judges claimant's symptom allegations based on their consistency with other evidence, including objective medical evidence). She contrasted Plaintiff's allegation of poor memory with her normal memory on exam. [*Id*.] She contrasted Plaintiff's professed difficulty getting along with others with her ability to attend concerts and live with her relatives, as well as her pleasant, cooperative, and amicable demeanor with providers. [*Id*.] She also contrasted Plaintiff's alleged difficulty concentrating with her ability to read novels throughout the day, as well as her normal concentration and attention on examination. [*Id*.] Accordingly, the ALJ cited enough (*i.e.*, substantial) evidence in finding Plaintiff overstated her mental limitations.

The Court will not remand on the basis of the ALJ's Step Two evaluation of Plaintiff's mental limitations.

---

[8] Like Dr. Drake, Dr. Mehr unequivocally found Plaintiff had no limitations in any category of mental functioning. [R. 151.] Moreover, he adopted Dr. Drake's narrative summary, which concluded that Plaintiff's depression was "non-severe." [*Id*.] Unlike Dr. Drake, in a chart listing Plaintiff's medically determinable impairments, Dr. Mehr marked plaintiff's depression severe. [*Id*.] But given his simultaneous narrative finding that Plaintiff's depression was nonsevere, as well as his findings that Plaintiff had no functional mental limitations, the Court concludes that Dr. Mehr, like Dr. Drake, found Plaintiff's depression nonsevere.

**3.2     The ALJ's Analysis of the Mental Health Opinions was Sufficient**

Next, Plaintiff complains the ALJ should have, essentially, given more weight to Plaintiff's treating mental health professionals versus the reviewing state agency psychologists. However, since the treating physician rule is no longer in effect, the ALJ was not required to "defer or give any specific evidentiary weight" to any medical opinion, including a treating physician's opinion, but rather was required to articulate her consideration of all medical opinions. 20 C.F.R. § 404.1520c(a)-(b). *See also* Social Security Administration, Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819 (Jan. 18, 2017). The nature of a source's relationship, including whether the source treated the claimant, is now a subordinate criterion. 20 C.F.R. § 404.1520c(a), (b)(2), (c). The Court can find no controlling precedent to the contrary (nor does the Court believe the Fourth Circuit's holding in *Shelley C. v. Comm. of Soc. Sec.*, 61 F.4th 341 (4th Cir. 2023) stands for a contrary proposition as Plaintiff posits). Therefore, Plaintiff's challenge is, essentially, an improper request for the Court to reweigh the evidence the ALJ considered; it not within the Court's purview to say the ALJ should have given more deference to the opinions of treaters LCPC Rangel and Stephen Penepacker, M.D over the opinions of the reviewing state agency physicians, Drs. Drake and Mehr. *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022).

In any case, here, the ALJ considered the opinions of Plaintiff's treating mental health professionals, LCPC Rangel and Dr. Penepacker, both acknowledging their treating status and discussing their treatment notes. [R. 21-22.] Although, as Plaintiff admits, LCPC Rangel and Dr. Penepacker "relied largely upon Plaintiff's own subjective reports" in formulating their opinions [Dkt. 12 at 8], the ALJ did not discount those opinions solely on that basis as Plaintiff implies. While an ALJ may discount medical opinion if it is based primarily on a claimant's subjective complaints, *Prill*, 23 F.4th at 746, here the ALJ found the mental health opinions of LCPC Rangel and Dr. Penepacker unpersuasive based largely on the core supportability and consistency criteria. 20 C.F.R.

8

§ 404.1520c(b)(2), (c)(1)-(2).

Specifically, the ALJ observed that LCPC Rangel's opinion was unsupported by and inconsistent with the overall record generally, and inconsistent with her own treatment notes which documented that Plaintiff was: engaged, amicable, attentive, and well-groomed with normal memory, mood, affect and cognitive function. [R. 21.] The ALJ also noted that Plaintiff's increased coping skills in December 2021 were inconsistent with LCPC Rangel's belief Plaintiff could only operate in a supportive and protective setting. [*Id*.] The Court finds the ALJ satisfied the minimal articulation standard, providing substantial evidence to allow the Court to understand her reasons for rejecting LCPC Rangel's opinions. *Berger*, 516 F.3d at 545; *Warnell*, 97 F.4th at 1054.

The ALJ similarly found Dr. Penepacker's opinion unsupported by and inconsistent with the record. [R. 21-22.] The ALJ contrasted Dr. Penepacker's opinion that Plaintiff was incapable of sustaining concentration beyond thirty minutes due to pain-medication side-effects with Plaintiff's statement her medications caused no side effects. [R. 22.] The ALJ found Dr. Penepacker's opinion Plaintiff could manage only simple instructions inconsistent with Plaintiff's normal memory on examination. [R. 21-22.] She also found his conclusions inconsistent with the above-specified evidence of Plaintiff's normal mental functioning on objective observation. [R. 22.] Once again, the ALJ satisfied the minimal articulation standard, providing substantial evidence for rejecting Dr. Penepacker's opinions. *Berger*, 516 F.3d at 545; *Warnell*, 97 F.4th at 1054.

Plaintiff also complains that objective examination results are not a fair measure of her mental impairment, which she asserts is "by nature, subjective." [Dkt. 12 at 9.] But, again, it is Plaintiff's burden to prove the severity of her mental impairments, and she cannot do so solely with subjective allegations. 20 C.F.R. § 416.929(a) (subjective symptoms cannot alone establish disability). Moreover, an ALJ is not required to accept a claimant's allegations about mental impairment; rather, she must evaluate such allegations by their consistency with other evidence, including "objective

medical evidence." 20 C.F.R. § 416.929(a); 20 C.F.R. § 404.1521; SSR 14-1p. Plaintiff's proposal that examination results are irrelevant in determining the severity of a mental impairment is not only contrary to the applicable regulations, but it is also refuted by the opinions of Drs. Drake and Mehr, both of whom cited Plaintiff's largely normal examination results in finding her depression nonsevere. [R. 21, 107-08, 151-52.]

While Plaintiff does point to some evidence that supported the opinions of LCPC Rangel and Dr. Penepacker [Dkt. 12 at 10-11], an ALJ "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning" as long as they have not overlooked an entire line of evidence. *Warnell*, 97 F.4th at 1053; *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010). The ALJ did not overlook an entire line of evidence here. In fact, the ALJ acknowledged that some treatment notes supported the opinions of LCPC Rangel and Dr. Penepacker upon which Plaintiff relies. [R. 21-22.] And she detailed some of those findings, including reports of depressed mood, suicidal ideation, and difficulty focusing. [R. 16-18.] Thus, the ALJ did not ignore this evidence, as Plaintiff alleges. Although Plaintiff also criticizes as "utterly untenable" the ALJ's Paragraph B analysis and subsequent determination Plaintiff had no limitation in any area of mental functioning, this conclusion is reasonable – in fact, as the ALJ noted, both reviewing psychologists, Drs. Drake and Mehr, reached precisely the same conclusion. [R. 21]

The Court finds the ALJ's opinion rests on more than a mere scintilla of evidence, regardless of the evidence Plaintiff points to that might support a different result. Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The Court will not remand on the basis of the ALJ's consideration of the mental health opinions in this matter.

### 3.3 The ALJ's Formulation of the RFC was Adequate

Finally, Plaintiff puts forth a host of quibbles with the ALJ's RFC formulation (namely, that the RFC does not contain any non-exertional limitations to accommodate Plaintiff's pain, obesity, or depression) that the Court must address but can dispatch with quickly.

Plaintiff first contends the ALJ "did not even consider" LCPC Rangel's opinion that pain contributed to Plaintiff's depression. [Dkt. 12 at 11.] But the ALJ *expressly* considered that opinion. [R. 21.] And she repeatedly considered Plaintiff's reports of knee and neck pain, in general. [R. 19-22 (at least seven mentions of pain).] Moreover, the Court notes that while medical source opinions are considered, the ALJ alone is responsible for determining a claimant's RFC. *See* 20 C.F.R. § 404.1527(d), 1546(c); *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014). The ALJ's formulation of Plaintiff's RFC without allowances for mental limitations logically followed her Step Two determination (discussed *supra*).

Plaintiff next protests that her improvement in coping skills did not demonstrate her ability to work full time, but this is not what the ALJ found – she simply found that Plaintiff's improvement in her ability to cope was inconsistent with LCPC Rangel's opinion that Plaintiff required a "supportive and protective setting" [R. 21], which was a reasonable finding. Plaintiff also avers the ALJ failed to consider her depression in combination with her other impairments, but the ALJ explicitly began her discussion of Plaintiff's depression by noting that "[n]one of the following [impairments], considered alone or combined with another complaint and/or impairment, results in more than a mild, if any, functional limitation(s) lasting or expected to last for at least twelve continuous months and, thus, is not severe." [R. 16.] Plaintiff next argues her pain and obesity should have been given more credence, but the ALJ explicitly (and adequately) considered both in combination when formulating Plaintiff's RFC. [*See* R. 19-23, containing at least nine references to Plaintiff's pain and obesity with multiple record citations for each condition.] Plaintiff cites other cases for the proposition that pain and obesity

11

"can" or "may" effect one's functionality [Dkt. 12 at 13-15], but Plaintiff cannot carry her burden of proof by generically listing a condition's possible effects; she must identify specific evidence establishing the condition's actual effects in her own case. *Weaver v. Berryhill*, 746 F. App'x 574, 578-79 (7th Cir. 2018) (plaintiff bears burden to prove impairment "imposed particular restrictions on her ability to work"); *see also Prochaska v. Barnhart*, 454 F.3d 731, 736-37 (7th Cir. 2006) (speculation that obesity exacerbated impairments is insufficient). The same goes for any alleged time-off-task and attendance limitations, which Plaintiff similarly faults the ALJ for allegedly not adequately addressing, but likewise failed to prove with evidence. *Weaver*, 746 F. App'x at 578-79. Plaintiff's citation to the vocational expert's testimony about employers' typical time-off-task and absenteeism tolerances is unavailing because a vocational expert's testimony about general employer tolerances does not constitute evidence a specific claimant would exceed them. In sum, the Court cannot reweigh any of this evidence differently, as Plaintiff seems to ask. *Warnell*, 97 F.4th at 1052-53.

Finally, Plaintiff disingenuously implies that had the ALJ held an in-person hearing instead of a video hearing, the ALJ would have been able to observe Plaintiff more closely, perhaps leading to a different RFC outcome in regards to Plaintiff's obesity. But Plaintiff's counsel signed the Remote Hearing Agreement Form on behalf of his client [R. 240-41] and did not object to the notice of hearing informing Plaintiff her Administrative Hearing would take place telephonically or via video [R. 215-19, 242-44]. And both Plaintiff's counsel and Plaintiff herself affirmed they had no objection to the video hearing during the Administrative Hearing itself [R. 32]. Regardless, Plaintiff's argument again fails to explain the impact of her obesity on her own functioning.

Ultimately, the Court cannot and will not overturn the ALJ's decision on the basis that the ALJ's RFC formulation contains no non-exertional limitations.

4. **CONCLUSION**

For all the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence and contains the requisite adequate logical bridges between the evidence and her conclusions. The Court declines to remand this matter. Therefore, Plaintiff's motion for summary judgment [Dkt. 12] is DENIED and Defendant's motion for summary judgment [Dkt. 17] is GRANTED. The final decision of the Commissioner denying benefits is affirmed.

ENTERED: August 19, 2024

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge